## ORPHANS' COURT PROCEDURAL RULES COMMITTEE
## ADOPTION REPORT

### Amendment of Pa.R.O.C.P. 14.8

On June 12, 2023, the Supreme Court of Pennsylvania amended Pennsylvania Orphans' Court Rule of Procedure 14.8 governing guardianship reporting. The Orphans' Court Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, cmt. The statements contained herein are those of the Committee, not the Court.

Pa.R.O.C.P. 14.8, relating to guardianship reporting, monitoring, review, and compliance, reflects the statutory requirements of 20 Pa.C.S. §§ 5142, 5521, and 5921. These requirements include: (1) the filing of an annual report by the guardian of the estate and the guardian of the person one year after appointment and annually thereafter; and (2) a final report by the guardian of the estate and the guardian of the person following certain events. *See* 20 Pa.C.S. § 5521(c); Pa.R.O.C.P. 14.8(a).

The clerk of the orphans' court, or the court's designee, is required to monitor the guardianship docket to ensure compliance with reporting requirements for annual and final reports. *See* 20 Pa.C.S. § 5521(c)(1)–(2); Pa.R.O.C.P. 14.8(d). If a report is deficient or not timely filed, the guardian receives notice to comply with the reporting requirements. *See* Pa.R.O.C.P. 14.8(f)(1). If the guardian continues to fail to comply, a notice of deficiency is transmitted to the judge. *See* 20 Pa.C.S. § 5521(c)(3); Pa.R.O.C.P. 14.8(f)(2). "The court *may* thereafter take such enforcement procedures as are necessary to ensure compliance." Pa.R.O.C.P. 14.8(f)(3) (emphasis added), *compare* 20 Pa.C.S. § 5521(c)(3) ("The court *shall* take appropriate enforcement action against such guardians.") (emphasis added). Such actions could include, in the court's discretion, ordering further documentation, conducting a review hearing, removing the guardian, or initiating contempt proceedings. Pa.R.O.C.P. 14.8, cmt.

The Committee received a request relating to delinquent annual or final reports and available compliance measures under Pa.R.O.C.P. 14.8(f). Specifically, it was observed there are situations when enforcement actions are unable to compel a guardian responsible for filing a report to comply with that requirement or enforcement actions are unsuccessful. For example, the guardian may be deceased, incapacitated, beyond the court's jurisdiction, or otherwise unavailable. There also may be circumstances when the guardian is unwilling to comply despite the imposition of the court's contempt power. With this latter illustration, the guardian may be a family member of the incapacitated person and escalating or extending sanctions against the guardian may not be in the best interest of the incapacitated person. Notwithstanding the absence of a report, a recalcitrant

guardian may still be subject to criminal prosecution or surcharge through other proceedings.

When the court appoints a successor guardian, the successor may be unable to complete and verify the required report because of incomplete record keeping by the prior guardian.  However, the successor guardian of an estate would be required to file an inventory within 90 days of appointment so there is assurance that the status of current estate will be known and subject to comparison with prior reports.

Subdivision (f) was silent on what is to occur if a required report cannot be filed for the covered period.  New subdivision (f)(4) authorizes the court to enter an order citing the reasons a guardian or former guardian cannot be compelled to comply with any filing requirements and either directing a successor guardian or designee of the court to file the report or entering the order in lieu of the delinquent report.

The Committee anticipates that subdivision (f)(4)'s "order in lieu of report" will be used sparingly given efforts to appoint qualified guardians and to educate guardians as to their responsibilities.

The proposal was published for comment. *See* 52 Pa.B. 5119 (August 20, 2022). No comments were received.  Commentary was added to the rule post-publication to provide guidance regarding the term "designee of the court," as used in subdivision (f)(4)(ii)(A).

This amendment becomes effective April 1, 2024.